## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **VICTOR HUGO ARENILLAS-AGUDO, LUIS ANTONIO UZHCA JUNCAL, PEDRO MORA, and OLGER SEGARRA ESCANDON** (hereinafter referred to as "Plaintiffs") and **CINQUE CORP. D/B/A VA BENE RESTAURANT and GIUSEPPE LATTANZI,** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiff Victor Hugo Arenillas-Agudo was previously employed by Va Bene as the chef;

**WHEREAS**, Plaintiff Luis Antonio Uzhca Juncal was previously employed by Va Bene as a food preparer;

**WHEREAS**, Plaintiff Pedro Mora is currently employed by Va Bene as the chef assistant;

**WHEREAS**, Plaintiff Olger Segarra Escandon was previously employed by Va Bene as a dishwasher;

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 15-CV-9392 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law;

**WHEREAS**, Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiffs and any actions or payments made hereunder are not to be construed as any admission of liability or unlawful conduct on the part of any of the Defendants, and each of the Defendants expressly denies any liability or unlawful conduct;

**NOW, THEREFORE,** in consideration of the mutual promises, covenants and agreements contained in this Agreement, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.     Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

A. Defendants shall pay the gross sum of $115,000.00, inclusive of attorneys' fees and costs ("Settlement Funds"), by the later to occur of the seventh (7th) day following the date the Court approves this Agreement or June 30, 2017, payable as follows:

i. thirty nine thousand six hundred and four dollars ($39,604.00), by check made payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs, whose employer identification number is 11-3491614. This amount represents Plaintiffs' attorneys' fees and expenses. Plaintiffs' attorneys will provide a completed and signed IRS Form W-9, and Defendants shall issue an IRS Form 1099 to the Helen F. Dalton & Associates, P.C. for the attorneys' fees.

ii. (1) fourteen thousand dollars ($14,000.00) by check made payable to Victor Hugo Arenillas-Agudo as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Victor Hugo Arenillas-Agudo in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) fourteen thousand dollars ($14,000.00) by check made payable to Victor Hugo Arenillas-Agudo as and for liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Victor Hugo Arenillas-Agudo completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

iii. (1) nine thousand eight hundred and seventy-five dollars ($9,875.00) by check payable to Pedro Mora as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Pedro Mora in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) nine thousand eight hundred and seventy-five dollars ($9,875.00) by check payable to Pedro Mora as and for liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Pedro Mora completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

iv. (1) nine thousand five hundred dollars ($9,500.00) by check payable to Luis Antonio Uzhca Juncal as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Luis Antonio Uzhca Juncal in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) nine thousand five hundred dollars ($9,500.00) by check payable to Luis Antonio Uzhca Juncal as and for liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Luis Antonio Uzhca Juncal completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

v. (1) four thousand three hundred and twenty-three dollars ($4,323.00) by check payable to Olger Segarra Escandon as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Olger Segarra Escandon in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) four thousand three hundred and twenty-three dollars ($4,323.00) by check payable to Olger Segarra Escandon as and for

liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Olger Segarra Escandon completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

vi. In the event that the Agreement is not approved by the Court by June 30, 2017, Defendants shall provide all checks due under this Agreement to their attorneys to be held in escrow. Defendants' counsel shall provide proof of such holding in escrow to Plaintiffs' counsel by July 3, 2017.

vii. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 69-12 Austin St, Forest Hills, New York, 11375; provided, however, Plaintiff's attorneys acknowledge and agree that checks in payment of the liquidated damages portion of the Settlement Funds to any Plaintiff shall not be provided to Plaintiff's attorneys until Plaintiffs' attorneys shall have delivered to Defendants' attorneys a completed and signed IRS Form W-9 from each such Plaintiff.

viii. Upon written confirmation from Plaintiffs' counsel that all settlement funds have been received, Defendants will file a Stipulation of Discontinuance for Court approval.

2. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 15-cv-9392**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

3. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, statute, regulation, right or order, committed any tort, breached any duty or contract or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

4. **Representations**

Plaintiffs have read this entire document and fully understand it and understand its legal and binding effect. Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement and that Plaintiffs' attorneys did review and approve this Agreement.

3

5. **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE,** to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE,** to the maximum extent permitted by law, Plaintiffs from any and all claims that did or could have arisen out of their employment with Defendants

Plaintiffs and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Covenant Not to Seek Employment**

Plaintiffs Victor Hugo Arenillas-Agudo, Luis Antonio Uzhca Juncal and Olger Segarra Escandon acknowledge and agree that they will not apply for or otherwise inquire, seek or accept employment, contract work, temporary work or any other association with the Defendants at any time and that the Defendants are entitled to reject without cause any inquiry regarding or application for contract work or employment made by any or all of the aforementioned Plaintiffs. The aforementioned Plaintiffs acknowledge and agree that their forbearance from seeking future employment or association with Defendants is purely contractual and in no way involuntary, discriminatory or retaliatory. The aforementioned Plaintiffs further acknowledge and agree that in the event that it is discovered that any such Plaintiff has become employed by or affiliated with any of the Defendants, the Defendants may immediately terminate such Plaintiff without any recourse to that Plaintiff in law or equity.

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily and have not signed this Agreement under duress or coercion.

### 9. Oral Modifications Prohibited; Severability

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants and supersedes any and all other agreements or understandings concerning the subject matter of hereof, whether oral or written. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

If any provision of this Agreement, or part thereof, is held invalid, void or voidable as against public policy or otherwise, the invalidity shall not affect other provisions, or parts thereof, which may be given effect without the invalid provision or part. To this extent, the provisions and parts thereof of this Agreement are declared to be severable. If the release language in Section 5 above, is declared illegal or unenforceable, the parties agree to execute valid releases of the claims referenced in this Agreement, without the need for additional consideration. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated otherwise in writing by the party waiving its/his rights. The language of all parts of this Agreement shall in all cases be construed according to its fair meaning and not strictly for or against any party.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

12. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

[THE BALANCE OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE FOLLOWS]

**PLAINTIFFS:**

_____
**VICTOR HUGO ARENILLAS-AGUDO**

Date: 6/22/17

_____
**PEDRO MORA**

Date: 6/27/17

_____
**LUIS ANTONIO UZHCA JUNCAL**

Date: 6.22.17

_____
**OLGER SEGARRA ESCANDON**

Date: 6/22/17

**DEFENDANTS:**

**CINQUE CORP. D/B/A VA BENE RESTAURANT**

By: _____
Giuseppe Lattanzi, an authorized officer

Date: _____

**GIUSEPPE LATTANZI**

_____
Giuseppe Lattanzi

Date: _____

7

**PLAINTIFFS:**

_____
**VICTOR HUGO ARENILLAS-AGUDO**

Date: _____

_____
**PEDRO MORA**

Date: _____

_____
**LUIS ANTONIO UZHCA JUNCAL**

Date: _____

_____
**OLGER SEGARRA ESCANDON**

Date: _____

**DEFENDANTS:**

**CINQUE CORP. D/B/A VA BENE RESTAURANT**

By: _/s/ Giuseppe Lattanzi_____
Giuseppe Lattanzi, an authorized officer

Date: 6/24/17

_/s/ Giuseppe Lattanzi_____
**GIUSEPPE LATTANZI**
Giuseppe Lattanzi

Date: 6/24/17