

# Helen F. Dalton & Associates, P.C.
## ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel: 718-263-9591 • Fax: 718-263-9598

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 19 2017

July 14, 2017

**Via ECF**

SO ORDERED:

*George B. Daniels*
George B. Daniels, U.S.D.J.

The Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Dated: JUL 19 2017

Re: **Arenillas-Agudo, et al. v. Cinque Corp., et al.**
   **15-CV-9392 (GBD)**

Dear Judge Daniels:

   We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit A, memorializes the agreed upon terms during the settlement conference before The Honorable Magistrate Judge Kevin Nathaniel Fox on May 31, 2017.

   The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter and, as such, we respectfully request the Court approve and So Order the Settlement Agreement.

   Plaintiffs, Victor Hugo Arenillas-Agudo ("Arenillas-Agudo"), Luis Antonio Uzhca Juncal ("Juncal"), Pedro Mora ("Mora") and Olger Segarra Escandon ("Escandon") originally filed the Complaint against Defendants, Cinque Corp. d/b/a Va Bene Restaurant, and Giuseppe Lattanzi, an individual, on December 1, 2015. Plaintiffs, who worked for Defendants as kitchen workers, alleged that they were entitled to unpaid overtime wages in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL") in addition to compensation for spread of hours pay and for statutory penalties for failure to provide notices and wage statements in accordance with the NYLL.

   The parties settled this matter on behalf of all four of the named Plaintiffs before Judge Fox on May 31, 2017.

Plaintiff Arenillas-Agudo alleges that he was employed by the Defendants from in or around 1989 until in or around July 2016. Plaintiff alleges that during the relevant statutory period, he worked approximately six days per week for approximately twelve hours per day. As such, Plaintiff alleges that he worked approximately seventy two hours per week during his employment for the relevant statutory period.

Plaintiff Arenillas-Agudo alleges that he was paid a calculated hourly rate of approximately $27.70 per hour by Defendants based on a flat weekly rate received during the relevant statutory period. Plaintiff alleges that he did not receive payment at time-and-a-half for hours worked in excess of 40 hours per week.

Plaintiff Juncal alleges that he was employed by the Defendants from in or around June 2008 until in or around April 2017. Plaintiff alleges that during the relevant statutory period, he worked approximately six days per week for an average of approximately ten hours per day. As such, Plaintiff alleges that he worked approximately sixty-one hours per week during his employment for the relevant statutory period.

Plaintiff Juncal alleges that he was paid a calculated hourly rate of approximately $12.50 per hour by Defendants based on a flat weekly rate received during the relevant statutory period. Plaintiff alleges that he did not receive payment at time-and-a-half for hours worked in excess of 40 hours per week.

Plaintiff Mora alleges that he has been employed by the Defendants since approximately May 1999. Plaintiff alleges that during the relevant statutory period, he worked approximately six days per week for an average of approximately nine hours per day. As such, Plaintiff alleges that he worked approximately fifty-five hours per week during his employment for the relevant statutory period.

Plaintiff Mora alleges that he was paid a calculated hourly rate of approximately $17.87 per hour by Defendants based on a flat weekly rate received during the relevant statutory period. Plaintiff alleges that he did not receive payment at time-and-a-half for hours worked in excess of 40 hours per week.

Plaintiff Escandon alleges that he was employed by the Defendants from in or around August 2012 until in or around April 2017. Plaintiff alleges that during the relevant statutory period, he worked approximately six days per week and approximately nine hours per day. As such, Plaintiff alleges that he worked approximately fifty-four hours per week during his employment for the relevant statutory period.

Plaintiff Escandon alleges that he was paid a calculated hourly rate of approximately $9.15 per hour by Defendants based on a flat weekly rate received during the relevant statutory period. Plaintiff alleges that he did not receive payment at time-and-a-half for hours worked in excess of 40 hours per week.

As a result, Plaintiffs' calculations in the aggregate were approximately $396,585.91, not including attorneys' fees and interest.

Defendants deny any violation of law or unlawful conduct or any liability to Plaintiffs. Defendants further claim that to the extent Plaintiffs, other than Plaintiff Arenillas-Agudo, are owed payment for hours worked in excess of 40 hours per week, Plaintiffs' calculations are grossly overstated based upon an audit conducted by the United States Department of Labor ("USDOL"), which covered a portion of the relevant statutory period and time, and payroll records maintained by Defendant, Cinque Corp., copies of which were provided to Plaintiffs' attorneys in discovery. Specifically, as to Plaintiff Arenillas-Agudo, Defendants argue that he was an "exempt" employee and not entitled to overtime wages under the FLSA or the NYLL, which argument Defendants claim is supported by the findings of fact in the USDOL audit and the day-to-day operations of the restaurant.

Though Plaintiffs claimed almost $400,000.00 in damages should they have prevailed on all their claims, Plaintiffs recognize that there would be risks to proceeding through trial. These risks include the dispute between the hours each Plaintiff worked, the number of days each Plaintiff worked, and the wages received by each employee throughout each year. Plaintiffs also acknowledge the records maintained by the Defendants beginning at some point during the relevant statutory period. Moreover, Plaintiffs' greatest risk was that Plaintiff Arenillas-Agudo, whose calculation of damages accounted for approximately half the total damages, could have been found to be a non-exempt employee under the FLSA and NYLL at trial and would not have received any award of damages.

Therefore, after acknowledging these risks, Plaintiffs agreed to settle for the aggregate amount of $115,000.00 so as to avoid the inherent risks contained in continuing to trial and recognize that the settlement is not to be construed as any admission of liability or wrongful or unlawful conduct on the part of any of the Defendants.

As such, Plaintiffs will receive the following amounts, less any tax withholdings and deductions:

| Victor Hugo Arenillas-Agudo | $28,000.00 |
| Luis Antonio Uzhca Juncal | $19,000.00 |
| Pedro Mora | $19,750.00 |
| Olger Segarra Escandon | $8,646.00 |

Plaintiffs will recover a total amount of $75,396.00. Plaintiffs believe that these amounts are fair and reasonable, as they are based on the Plaintiffs' calculations of damages, the amount of time that each Plaintiff worked for Defendants, and the fact that Plaintiff Arenillas-Agudo could have been found to be a non-exempt employee at trial.

Plaintiffs' counsel respectfully requests $1,906.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of ordering all four Plaintiffs' deposition transcripts ($1,029.00), and the costs of conducting

the depositions of Defendant Giuseppe Lattanzi and Defendant witness Franco Lattanzi ($477.00).

Plaintiffs' counsel respectfully requests one-third of the settlement amount less their expenses ($113,094.00), or approximately $37,698.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $39,604.00.

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

Plaintiffs' counsel successfully defended a Motion for Summary Judgment as to Plaintiff Victor Hugo Arenillas-Agudo. The parties also engaged in extensive paper discovery, conducted a total of six depositions and engaged in settlement discussions relating to this matter. Lastly, the parties attended a settlement conference before Judge Fox on May 31, 2017 and reached a resolution of this matter after approximately three hours of negotiation.

This Agreement was negotiated between experience counsel and has been carefully tailored to be approved in accordance with the guidelines provided in *Cheeks*. The releases contained within the Agreement are limited to the claims alleged in the Complaint and the parties have not included any confidentiality provisions.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*Attorney for Plaintiffs*

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **VICTOR HUGO ARENILLAS-AGUDO, LUIS ANTONIO UZHCA JUNCAL, PEDRO MORA, and OLGER SEGARRA ESCANDON** (hereinafter referred to as "Plaintiffs") and **CINQUE CORP. D/B/A VA BENE RESTAURANT and GIUSEPPE LATTANZI,** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS**, Plaintiff Victor Hugo Arenillas-Agudo was previously employed by Va Bene as the chef;

**WHEREAS**, Plaintiff Luis Antonio Uzhca Juncal was previously employed by Va Bene as a food preparer;

**WHEREAS**, Plaintiff Pedro Mora is currently employed by Va Bene as the chef assistant;

**WHEREAS**, Plaintiff Olger Segarra Escandon was previously employed by Va Bene as a dishwasher;

**WHEREAS**, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 15-CV-9392 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law;

**WHEREAS**, Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiffs and any actions or payments made hereunder are not to be construed as any admission of liability or unlawful conduct on the part of any of the Defendants, and each of the Defendants expressly denies any liability or unlawful conduct;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and agreements contained in this Agreement, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.    Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

A.  Defendants shall pay the gross sum of $115,000.00, inclusive of attorneys' fees and costs ("Settlement Funds"), by the later to occur of the seventh (7th) day following the date the Court approves this Agreement or June 30, 2017, payable as follows:

i. thirty nine thousand six hundred and four dollars ($39,604.00), by check made payable to Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs, whose employer identification number is 11-3491614. This amount represents Plaintiffs' attorneys' fees and expenses. Plaintiffs' attorneys will provide a completed and signed IRS Form W-9, and Defendants shall issue an IRS Form 1099 to the Helen F. Dalton & Associates, P.C. for the attorneys' fees.

ii. (1) fourteen thousand dollars ($14,000.00) by check made payable to Victor Hugo Arenillas-Agudo as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Victor Hugo Arenillas-Agudo in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) fourteen thousand dollars ($14,000.00) by check made payable to Victor Hugo Arenillas-Agudo as and for liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Victor Hugo Arenillas-Agudo completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

iii. (1) nine thousand eight hundred and seventy-five dollars ($9,875.00) by check payable to Pedro Mora as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Pedro Mora in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) nine thousand eight hundred and seventy-five dollars ($9,875.00) by check payable to Pedro Mora as and for liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Pedro Mora completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

iv. (1) nine thousand five hundred dollars ($9,500.00) by check payable to Luis Antonio Uzhca Juncal as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Luis Antonio Uzhca Juncal in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) nine thousand five hundred dollars ($9,500.00) by check payable to Luis Antonio Uzhca Juncal as and for liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Luis Antonio Uzhca Juncal completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

v. (1) four thousand three hundred and twenty-three dollars ($4,323.00) by check payable to Olger Segarra Escandon as and for back wages and subject to all applicable tax withholdings. Defendants shall issue an IRS Form W-2 to Olger Segarra Escandon in connection with this payment and shall withhold appropriate taxes and withholdings; and (2) four thousand three hundred and twenty-three dollars ($4,323.00) by check payable to Olger Segarra Escandon as and for

liquidated damages for which Defendants shall provide an IRS form 1099 tax form. No taxes or withholdings shall be taken from this amount provided Olger Segarra Escandon completes, signs and delivers a IRS Form W-9 to Defendants attorneys.

vi. In the event that the Agreement is not approved by the Court by June 30, 2017, Defendants shall provide all checks due under this Agreement to their attorneys to be held in escrow. Defendants' counsel shall provide proof of such holding in escrow to Plaintiffs' counsel by July 3, 2017.

vii. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 69-12 Austin St, Forest Hills, New York, 11375; provided, however, Plaintiff's attorneys acknowledge and agree that checks in payment of the liquidated damages portion of the Settlement Funds to any Plaintiff shall not be provided to Plaintiff's attorneys until Plaintiffs' attorneys shall have delivered to Defendants' attorneys a completed and signed IRS Form W-9 from each such Plaintiff.

viii. Upon written confirmation from Plaintiffs' counsel that all settlement funds have been received, Defendants will file a Stipulation of Discontinuance for Court approval.

2.  **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 15-cv-9392**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

3.  **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, statute, regulation, right or order, committed any tort, breached any duty or contract or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

4.  **Representations**

Plaintiffs have read this entire document and fully understand it and understand its legal and binding effect. Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement and that Plaintiffs' attorneys did review and approve this Agreement.

5. **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiffs from any and all claims that did or could have arisen out of their employment with Defendants

Plaintiffs and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Covenant Not to Seek Employment**

Plaintiffs Victor Hugo Arenillas-Agudo, Luis Antonio Uzhca Juncal and Olger Segarra Escandon acknowledge and agree that they will not apply for or otherwise inquire, seek or accept employment, contract work, temporary work or any other association with the Defendants at any time and that the Defendants are entitled to reject without cause any inquiry regarding or application for contract work or employment made by any or all of the aforementioned Plaintiffs. The aforementioned Plaintiffs acknowledge and agree that their forbearance from seeking future employment or association with Defendants is purely contractual and in no way involuntary, discriminatory or retaliatory. The aforementioned Plaintiffs further acknowledge and agree that in the event that it is discovered that any such Plaintiff has become employed by or affiliated with any of the Defendants, the Defendants may immediately terminate such Plaintiff without any recourse to that Plaintiff in law or equity.

4

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily and have not signed this Agreement under duress or coercion.

### 9. Oral Modifications Prohibited; Severability

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants and supersedes any and all other agreements or understandings concerning the subject matter of hereof, whether oral or written. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

If any provision of this Agreement, or part thereof, is held invalid, void or voidable as against public policy or otherwise, the invalidity shall not affect other provisions, or parts thereof, which may be given effect without the invalid provision or part. To this extent, the provisions and parts thereof of this Agreement are declared to be severable. If the release language in Section 5 above, is declared illegal or unenforceable, the parties agree to execute valid releases of the claims referenced in this Agreement, without the need for additional consideration. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated otherwise in writing by the party waiving its/his rights. The language of all parts of this Agreement shall in all cases be construed according to its fair meaning and not strictly for or against any party.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

12. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

[THE BALANCE OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE FOLLOWS]

**PLAINTIFFS:**

_____
**VICTOR HUGO ARENILLAS-AGUDO**

Date: 6/22/17

_____
**PEDRO MORA**

Date: 6/27/17

_____
**LUIS ANTONIO UZHCA JUNCAL**

Date: 6.22.17

_____
**OLGER SEGARRA ESCANDON**

Date: 6/22/17

**DEFENDANTS:**

**CINQUE CORP. D/B/A VA BENE RESTAURANT**

By: _____
Giuseppe Lattanzi, an authorized officer

Date: _____

**GIUSEPPE LATTANZI**

_____
Giuseppe Lattanzi

Date: _____

**PLAINTIFFS:**

_____
**VICTOR HUGO ARENILLAS-AGUDO**

Date: _____


_____
**PEDRO MORA**

Date: _____


_____
**LUIS ANTONIO UZHCA JUNCAL**

Date: _____


_____
**OLGER SEGARRA ESCANDON**

Date: _____


**DEFENDANTS:**

**CINQUE CORP. D/B/A VA BENE RESTAURANT**

By: _____
Giuseppe Lattanzi, an authorized officer

Date: 6/27/17


_____
**GIUSEPPE LATTANZI**
Giuseppe Lattanzi

Date: 6/27/17

7